**Dated: October 23, 2023**

**The following is ORDERED:**



PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**MICHAEL S. JAGGARS**  Case No. 18-80492-PRT
**VIRGINIA L. JAGGARS,**  Chapter 13
        Debtors.

### ORDER APPROVING DEBTORS' CERTIFCATION OF COMPLIANCE AND GRANTING MOTION FOR DISCHARGE

Before the Court is the Chapter 13 Trustee's Motion to Dismiss (Docket Entry 112) with Objection filed by the Debtors (Docket Entry 114), and the Debtors' Certification of Compliance and Motion for Entry of Hardship Discharge (Docket Entry 119) with Objection filed by the Trustee (Docket Entry 128). In lieu of an evidentiary hearing on these motions, the parties submitted a Stipulations of Facts ("Stipulation") (Docket Entry 130). Having reviewed the record and considered the arguments presented and applicable legal authority, the Court concludes that the Debtors' Certification of Compliance should be approved, and Motion for Entry of Discharge should be granted.

**Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

Debtors filed this Chapter 13 case on May 15, 2018.[1] Their Chapter 13 Second Amended Plan was confirmed on January 17, 2019. In addition to the information set forth in the Stipulation, the Debtors' counsel and the Trustee represented to the Court that the Debtors' final payment on their confirmed Plan was received by the Trustee on June 7, 2023.

**Analysis**

As the parties correctly note, the Tenth Circuit opinion in *In re Kinney,* 5 F.4th 1136 (10th Cir. 2021) holds that once a plan's five-year period expires, a bankruptcy court is without authority to allow a debtor to cure a "material default." The court concluded that "[a]lthough the Code's language and legislative history are ambiguous, both suggest that Congress intended to limit Chapter 13 plan payments to five years." *Id.* at 1147.

The issue many courts have struggled with is when this five-year repayment period begins to run. Section 1326 provides that a debtor must commence making payments under the plan "not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier." 11 U.S.C. § 1326(a)(1). Debtors' confirmed Second Amended Plan also states that "Plan payments to the Trustee shall commence on or before 30 days after the Chapter 13 Petition is filed."[2] Since their case was filed on May 15, 2018, Debtors' first plan payment was due thirty days thereafter, which was June 14, 2018. The Tenth Circuit noted in *In re*

---

[1] Docket Entry 1. The Stipulation filed by Debtors and the Trustee states that this case was filed on May 8, 2018 (Docket Enry 130). The Court presumes this was a scrivener's error.
[2] Docket Entry 42, Part 2.1.

*Kinney,* that "modifications cannot provide for payments more than *five years after the deadline for the first payment.* 11 U.S.C. § 1329(c)."[3] This observation indicates to the Court that in this circuit, the repayment period begins to run on the due date of the first plan payment. This was also the conclusion of Judge Brown in *In re Humes,* 579 B.R. 557, 560 (Bankr. D. Colo. 2018) ("… the most logical point from which to begin counting the repayment period is at the time the debtor is first required to make payments under § 1326(a)(1)." (citation omitted.)) Therefore, since the first plan payment was due June 14, 2018, the five-year (or 60 month) repayment period began to run on that date.

According to the Court's calculations, when beginning on the date of the first plan payment, June 14, 2018, the five year (or 60 month) plan term would conclude on June 13, 2023.[4] Since Debtors' final payment was received by the Trustee on June 7, 2023, Debtors' final payment was made before the five-year plan term ended on June 13, 2023, and the Court shall grant them their discharge pursuant to § 1328(a).[5] Because their final payment was made within the five-year repayment period, they do not need to seek a hardship discharge pursuant to § 1328(b).

---

[3] *Kinney,* 5 F.4th at 1139 (emphasis added). However, the court noted that "[s]ome exceptions may exist (to the rule that plans for above-median debtors must last exactly five years)." *Id.* at n. 8. The court also stated that, based on the facts before it, "we assume without deciding that the five-year period began with the due-date of the first post-petition payment." *Id.* at n. 2.

[4] Judge Brown used this same method to calculate the end date of the plan term in *In re Humes.* She determined that the five-year plan term began on the day the first plan payment was due, January 27, 2012, and, therefore, their five-year plan ended on January 26, 2017. *Humes,* 579 B.R. at 562.

[5] The Court calculates that the time period set forth in the Stipulation from the due date of the first plan payment (June 14, 2018) until the final payment due date of May 8, 2023 is 58 months, 25 days.

**Order of the Court**

IT IS THEREFORE ORDERED that the Debtors' Certification of Compliance is approved, and they should be granted a discharge pursuant to 11 U.S.C. § 1328(a). A separate Order of Discharge will be entered forthwith.

IT IS FURTHER ORDERED that the Trustee's Motion to Dismiss is moot.

###